Gary L. Shockey
GARY L. SHOCKEY PC
951 Werner Court, Suite 340
Casper, WY. 82601
and
Box 627
Moran, WY., 83013
(307) 733-5974 (office)
(307) 690-8060 (cell phone)
(866) 567-8950 (facsimile)
gary@garyshockeylaw.com
garyshockey@msn.com
Attorney for Plaintiffs

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 JAN -8 PM 2:07

STEPHAN HARRIS, CLERK
CASPER

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

THOMAS A. STANDISH, IV and MEGHAN KEITER, )
    Plaintiffs, )
)
vs. )
) Civil No. 19CV04 5
JACKSON HOLE MOUNTAIN RESORT CORPORATION, )
)
    Defendant. )

### COMPLAINT

COME NOW PLAINTIFFS, through Counsel, and for their claims against Defendant, state and allege as follows:

#### JURISDICTION AND VENUE

1. Plaintiff Thomas A. Standish IV, was, at the time of the incidents detailed in this Complaint, a resident of the State of California. Thomas Standish is currently a resident of the State of Oregon.

2. Plaintiff Meghan Keiter was, at the time of the incidents detailed in this Complaint, a resident of the State of California. Meghan Keiter is currently a resident of the State of Oregon.

3. At the time of the incidents detailed in this Complaint, Plaintiffs were engaged to be married and have subsequently married.

Receipt # CAS002174
Summons: ___ issued
       X not issued

4. The defendant Jackson Hole Mountain Resort Corporation is organized in the State of Wyoming, and is domiciled within the State of Wyoming.

5. All events which are the subject of this Complaint occurred in Teton County, Wyoming.

5. This Court has jurisdiction over this matter by virtue of complete diversity of citizenship between Plaintiffs and Defendant, pursuant to 28 U.S.C. Section 1332; the amount in controversy exceeds $75,000.00.

## FACTS PERTINENT TO NEGLIGENCE AND DAMAGES

6. On January 11, 2017, Plaintiffs began enjoyment of a "bucket list,' dream ski vacation at the ski area operated by Defendant in Teton Village, near Jackson, Wyoming.

7. Plaintiff Thomas Standish was an experienced skier. He began skiing at the age of three (3) and had skied throughout the rest of his childhood and adult years. At the time of his injuries which are the subject of this matter, he was thirty-one (31) years old. He was in excellent health and physical condition and had never suffered a significant skiing injury in his past.

8. For several years before the injuries to Thomas Standish, he and Meghan Keiter had operated a business jointly. The principal focus of the business was the design and sale of unique swimwear. That business required the full time and total dedication of both Thomas and Meghan Keiter.

9. On January 11, 2017, Plaintiffs had enjoyed their initial skiing experiences at the resort. According to the Winter Incident Report Form prepared by and for Defendant, Thomas Standish was injured in the time frame just before 12:45 p.m.

10. As Thomas Standish skied down a marked run which ran roughly parallel to the Thunder Quad Chairlift and Tram Line, he encountered an unmarked and unnecessary hazard which caused him to lose control, crash, and suffer severe injuries to his right leg.

11. The cause of Thomas Standish's mishap was a nearly buried tree. It appeared to have been cut off near the top and was nearly subsumed in snow. It was not visible though exposed sufficiently to contact Thomas Standish's skis and cause him to lose control. His right ski ejected upon impact with the hazard and he cartwheeled to a stop. An immediate, shocking pain radiated in his right leg near his boot. This hazard was not an inherent risk of skiing on a slope offered to skiers and existed as the result of negligence of the Defendant. Mr. Standish has

characterized the hazard as akin to a "landmine" which disrupted him and caused him to lose control.

12. Plaintiff Thomas Standish was seriously injured as a result. Two anonymous skiers assisted Thomas and Meghan Keiter until the ski patrol arrived. During that wait, the Good Samaritans dug down and around the tree to make it visible to other skiers. Thomas Standish suffered complex fractures of his right tibia and fibula just above the ankle. He was taken down the mountain by ski patrol personnel and initially treated at the clinic at Teton Village. The trip down the mountain in the sled was rough and enhanced Thomas Standish's pain. He was transferred to St. John's Hospital in Jackson, where he underwent surgery for the repair of his broken bones. The surgery involved multiple screws (14) and metal plates (2), as well as bone grafting; there were substantial incisions required and subsequent scarring resulted due to the required surgical procedures.

13. Thomas Standish remained in St. John's Hospital overnight and was discharged on January 12, 2017. His orthopedic surgeon authorized travel back to California. Plaintiffs flew back to their home on January 13, 2017. Thomas Standish underwent anti-coagulation injections in his abdomen administered by Meghan, in addition to other medications.

14. On January 14, 2017, Thomas Standish suffered a common complication of serious fractures – a pulmonary embolism. He was treated at the Folsom, California, hospital for a period of five (5) days. Subsequently, he maintained anti-coagulation therapy and drugs to prevent further clotting for a period of six (6) months.

15. The weeks and months following his injuries were difficult for Thomas Standish. He was confined to little or no activity, required pain and other medications, and could not perform activities of daily life without assistance, which was provided principally by Meghan Keiter.

16. Thomas Standish undertook a program of physical therapy on March 13, 2017. From that point to October, 2017, he engaged in thirty-seven (37) physical therapy sessions in attempts to rehabilitate him from his injuries. In addition to formal physical therapy sessions, Thomas Standish performed prescribed exercise programs on his own.

17. Thomas and Meghan Keiter had planned to be married on June 3, 2017. As a consequence of his injuries, they were not able to marry at that time and postponed their wedding until September, 2017.

18. As noted, Thomas and Meghan Keiter owned and operated a swimwear business. Due to his injuries, Thomas Standish was unable to perform all his necessary duties and functions for the business. While Meghan made Herculean efforts to sustain the business as well as caring for Thomas, they were not able to maintain the business and ultimately sold the business, with that transaction completed in November 21, 2017.

19. Thomas Standish continues to have serious pain and limited physical abilities due to his injuries. In spite of his dedication to physical therapy and exercise rehabilitation, he remains very limited in his enjoyment of physical activities such as hiking, jogging, skiing and other recreational activities.

## PLAINTIFF THOMAS A. STANDISH, IV, AND MEGHAN KEITER'S CAUSES OF ACTION AGAINST DEFENDANT: NEGLIGENCE

20. Plaintiffs restate and reallege each and every allegation in paragraphs 1 – 19 above, and for this cause of action allege that the Defendant was negligent in the following, but not exclusive, respects:

a. Defendant failed to offer its ski runs, particularly in the area where Thomas Standish was injured, in a safe condition.

b. Defendant negligently altered the tree which caused Thomas Standish's injuries in a fashion which resulted in it presenting a hazard.

c. Defendant negligently failed to inspect and patrol its ski runs in a manner which should have resulted in actions to remove the hazard presented.

d. Defendant negligently failed to mark or otherwise denote the area where Thomas Standish was injured in a manner which would have warned skiers of the hazard.

e. Defendant was negligent in other manners which may be disclosed in discovery and further proceedings in this matter.

21. As a direct and proximate cause of the Defendant's negligence, Thomas Standish, IV, was seriously injured and has suffered resulting personal injuries. Additionally, Thomas Standish, IV, and Meghan Keiter suffered economic losses and hardships – as well as injuries to their future marital relationship - as a result of the injuries to Thomas Standish for which they are entitled to compensation.

## DAMAGES

22. As a direct and proximate cause of Defendant's negligence, Plaintiffs have suffered the following injuries and losses:

a. Past medical billings in the approximate amount of $206,863.33.

b. Future medical expenses of an amount to be determined.

c. Loss of business income by both Thomas Standish and Meghan Keiter in the approximate amount of $40,000.00 between the time of the injuries and sale of the business.

d. Loss of future profits and financial expectations due to the sale of the business in an amount to be determined.

e. Past, present, and future pain and suffering for Thomas Standish.

f. Past, present, and future loss of enjoyment of life and emotional injuries for Thomas Standish.

g. Past, present, and future disability and scarring for Thomas Standish.

WHEREFORE, Plaintiffs pray the Court enter judgment in an amount as is just and fair, and for such other relief as is appropriate.

DATED this 8 day of January, 2019.

_____
Gary L. Shockey
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs demand that the above matter be tried by jury as provided by law.

_____
Gary L. Shockey